IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                CASE NO. 13-04255 (ESL)

FRANCISCO D. MEDINA-ESPINOSA                          CHAPTER 13
ELIDELIA ANDUJAR-OCASIO

        Debtors

<u>OPINION AND ORDER</u>

This case is before the court upon the *Application for Compensation of Attorney for Debtor[s]* (the "*Application for Compensation*", Docket No. 56) filed by Almeida & Dávila, P.S.C.[1] (the "Applicant") for the unpaid balance of $1,1749.00 over the $3,150.00 already paid by the Chapter 13 Trustee, which includes the $3,000 "no-look" fee afforded in P.R. LBR 2016-1(f)(1). Also before the court is the *Opposition* filed by the Chapter 13 Trustee (Docket No. 57) sustaining that: (a) some of the charges are clerical, secretarial and/or paralegal in nature; (b) the *Application for Compensation* is untimely considering that the Applicant is requesting fees for pre-filing and pre and post-confirmation services rendered; (c) "the evaluation of [the] *Application for Compensation* of post-confirmation services cannot be postponed until nine (9) months after the confirmation is entered in a Chapter 13 case" because "doing so will have the unintended effect of altering the terms of the plan bypassing the statutory mechanism of 11 U.S.C. § 1329"; and (d) the binding effect of the confirmation order is "*res judicata* with respect to all issues that were or could have been litigated at or before the confirmation hearing on confirmation". For the reasons stated below, the *Application for Compensation* is hereby denied.

<u>Factual and Procedural Background</u>

The Debtors filed their Chapter 13 bankruptcy petition on May 25, 2013 (Docket No. 1) along with the *Chapter 13 Plan* (Docket No. 2). In the *Disclosure for Compensation of*

---

[1] <u>Also see</u> <u>In re Lugo-Parrilla</u>, 2015 Bankr. LEXIS 540, 2015 WL 779621 (Bankr. D.P.R. 2015) (regarding another application for compensation filed by Almeida & Dávila, P.S.C. in a Chapter 13).

*Attorney,* the Applicant disclosed under 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) as follows:

> [We] certify that [we are] the attorney[s] for the above-named debtor and that compensation paid to [us] within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:
>
> | For legal services, I have agreed to accept | $3,000.00 |
> | Prior to the filing of this statement I have received | $200.00 |
> | Balance Due | $2,800.00 |
>
> Docket No. 1, p. 39, ¶ 1.

They also disclosed the following:

> 6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
>
> a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
>
> b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
>
> c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
>
> d.   [Other provisions as needed] The fee agreement between Almeida & Davila, PSC and the debtor(s) provides that a flat fee of $3,000.00 will be accepted for services rendered up to confirmation of the plan or until the $3,000.00 is accumulated in services provided at the regular hourly rates of $200.00 for services performed by Enrique M. Almeida and Zelma Dávila Carrasquillo. Matters attended by paralegal staff will be charged at the rate of $85 per hour, and services of in-house accountants will be charged at the rate of $100 per hour.  Services of associate attorneys will be charged at the rate of $175 per hour. Expenses will be charged at their price/cost.  Any work in excess of the flat fee agreed to will be billed through an application for compensation to be filed with the Court for its approval.  This disclosure should be construed in harmony with 11 USC sec. 330(a)(4)(B), rules, and all applicable orders.
>
> 7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
>
> The agreement is limited to Bankruptcy work up to the confirmation of the plan, or until the total amount of $3,000.00 is reached by billing expenses, costs and

work performed at the agreed rates, whichever comes first. Additional work will be billed as disclosed in this form. This agreement does not contemplate any work in local state courts, administrative courts, or any other forum other than the Bankruptcy Court. Adversary proceedings and appeals are also outside the scope of this agreement with the debtor(s).

Docket No. 1, p. 39, ¶¶ 6-7.

The meeting of creditors was held and closed on June 28, 2013 (Docket Nos. 8 and 14). On that same date, the Chapter 13 Trustee filed an unfavorable recommendation (Docket No. 14).

After filing *Amended Schedules B and C* and their *Statement of Financial Affairs* (Docket Nos. 15, 16 and 17), on July 5, 2013, the Debtors filed an *Amended Chapter 13 Plan* (Docket No. 18). Section II of the *Amended Chapter 13 Plan* provides for a total compensation for Attorney's Fees in the amount of $3,000.00 to be treated as priority under 11 U.S.C. § 507 as follows:

| a. | Rule 20106(b) Statement | $3,000.00 |
|----|-------------------------|-----------|
| b. | Fees paid (pre-petition) | $200.00 |
| c. | **R 2016 Outstanding Balance** | **$2,800.00** |
| d. | Post-Petition Additional Fees | $0.00 |
| e. | **Total Compensation** | **$3,000** |

Docket No. 18, Section II, p. 1 (emphasis added).

On July 9, 2013, the Chapter 13 Trustee filed a favorable recommendation for confirmation (Docket No. 21).

On August 12, 2013, the court entered an *Order Confirming Plan* which provides as follows in regards to the allowance of debtors' attorney's fees:

The application for the allowance of reasonable compensation as authorized by 11 U.S.C. 330, **having been considered**, the court finds that a reasonable fee for the

services performed and undertaken by such attorney is $3,000.00. Such fee, less any retainer, shall be paid by the trustee from the monies received under the debtor's plan, provided, however that such payments be deferred in time to payments which may be required to provide adequate protection of the interest of the holders of secured claims.

Docket No. 23, lines 17-20 (emphasis added).

On September 13, 2013, the Chapter 13 Trustee filed a *Motion to Modify Plan* requesting that it be amended because it "fails to present value test" and "must distribute at least $3,023, among general unsecured creditors" (Docket No. 25, p. 1, ¶ 2).

On October 7, 2013, the Debtors filed an *Amended Schedule J* increasing their Chapter 13 plan base (Docket No. 32) and an *Opposition to Trustee's Motion to Modify Plan* (Docket No. 33).

On October 8, 2013, the Chapter 13 Trustee filed a *Notice of Withdrawal Motion to Modify* (Docket No. 34) and a favorable recommendation on the post-confirmation modification of the Plan dated July 3, 2013 (Docket No. 35).

On May 7, 2014, the Applicant filed the *Application for Compensation* (Docket No. 56) for the unpaid balance of $1,1749.00 over the $3,150.00 already paid by the Chapter 13 Trustee, which includes the $3,000 "no-look" fee afforded in P.R. LBR 2016-1(f)(1).

On May 22, 2014, the Chapter 13 Trustee filed an *Opposition to Application for Compensation* (the "*Opposition*", Docket No. 57) sustaining that: (a) some of the charges are clerical, secretarial and/or paralegal in nature; (b) the *Application for Compensation* is untimely considering that the Applicant is requesting fees for pre-filing and pre and post confirmation services rendered; (c) "the evaluation of [the] *Application for Compensation* of post-confirmation services cannot be postponed until nine (9) months after the confirmation is entered in a Chapter 13 case" because "doing so will have the unintended effect of altering the terms of the plan bypassing the statutory mechanism of 11 U.S.C. § 1329"; and (d) the binding effect of the confirmation order is "*res judicata* with respect to all issues that were or could have been litigated at or before the confirmation hearing on confirmation". The Chapter 13 Trustee also requests that the court enters an "order expressing and adopting that the best

-4-

practice for debtor's attorneys seeking compensation beyond the 'no-look' fee for pre-confirmation services is to file an application before the confirmation of the plan" and that "in those cases where for good cause debtor's counsel may not file an application for compensation prior to the confirmation of the plan, the court should set a deadline, to be applied in the instant case and in future cases, to be no later than 30 days from the date the confirmation order is entered".

On July 15, 2014, the Applicant filed a *Reply to Trustee's Opposition to Application for Compensation* (Docket No. 63) sustaining that: (a) the Chapter 13 seeks an "advisory opinion … concerning future cases"; (b) the compensation scheme provided by the Bankruptcy Code contemplates compensation for tasks performed by paralegal personnel"; (c) "the court may award reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person", including clerical or support personnel services; (d) such services may be "allocated to one client in particular"; (e) the services " were performed for the direct benefit of the specific clients billed for them", in the instant case, the Debtors; (f) "courts have viewed clerical work as part of the overhead expenses incurred by a professional, when it is an expense which is billed in the hourly rate of the professional, and *in those situations* it is non-compensable"; (g) the paralegal work was "billed separately, with a description of the task performed by the hour with a fixed rate of $85.00 as detailed in the <u>Disclosure of Compensation of Attorney for Debtor(s)</u> pursuant to 11 U.S.C. § 329(a), and the Bankruptcy Rule 2016(b) which accompanied debtor's Voluntary Chapter 13 petition"; (h) "nothing in the Bankruptcy Code, the Bankruptcy Rules or the Guidelines vest in the Trustee the authority to act as a Law Firm's administrator or person who directs how the Firm's services to clients will be rendered; (i) the *Application for Compensation* was not tardily filed because "no deadline for filing applications for compensation was set in this case" and "[n]either the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure [] set forth a deadline within which administrative must be filed" but "rather courts can exercise their discretion in setting bar dates according to the

circumstances of each case"; (j) the Chapter 13 Trustee has not disputed that the services were provided; (k) the cases cited by the Chapter 13 Trustee in regards to the *res judicata* effect of the confirmed plan do not apply "to the award of debtors' counsel fees in the order confirming the plan"; (l) the "issue of debtor's counsel's compensation is not one that was or could have been litigated at or before the hearing on confirmation to which *res judicata* effect should be applied"; (m) "the provision for allowance of Debtor's Attorney's Fees contained in the order confirming plan is an acknowledgment of the reasonableness of the 'no-look' fee of $3,000.00 and not a limitation on further applications for compensation that could be filed for services rendered exceeding the 'no-look' fee"; (n) the court and creditors were aware that debtors' counsel "could file applications for compensation that exceeded the 'no-look' fee of $3,000.00 if the services rendered exceeded amount"; (o) "even if the application is granted … general unsecured creditors would receive more than they would have, if this case had been a case filed under Chapter 7 of the Bankruptcy Code"; and (p) if the bankruptcy plans are to be treated as contracts under state law, Article 1867 of the Civil Code of Puerto Rico provides "a three (3) year statute of limitations for actions for the recovery of attorney's fees". In addition, the Applicant sustains that the Chapter 13 Trustee's "petition is equivalent to requesting [the court] to render an advisory opinion, as well as prejudicial, to Debtors and the administration of justice in bankruptcy proceedings because it would deprive the [] court of the discretion to evaluate applications for compensation and set bar dates when necessary to the circumstances of each case." Id., pp. 9-10, ¶ 24.

On November 7, 2014, the court held a hearing to consider the *Application for Compensation* and the *Opposition* thereto. The Applicant brought to the attention of the court the case of In re Calzada-Ortiz, 2014 Bankr. LEXIS 4187 (Bankr. D.P.R. 2014) a case where the same Applicant filed an application for compensation 6 months after the confirmation of the plan. The court in that case ruled that "[n]owhere in its text does [P.R. LBR 2016-1(f)] specify a time limitation in which an attorney must file his or her application for compensation" and that "[w]hile the court is sympathetic to the argument that the granting of the application for

compensation will burden the rights of creditors, said argument, in and of itself, is insufficient to warrant superseding the amending or implementation process of our local rules, and/or the denial of Debtor's attorney's fees in their entirety". Id. at **3-4. The Chapter 13 Trustee argued that the *Order Confirming Plan* is binding and that the Applicant did not alert the court of his intention to file a further application for pre and post-petition fees. Upon questions by the court, the parties acknowledged that the instant case was not a complicated one inasmuch as there were no contested matters or adversary proceedings. The parties submitted their positions through their briefs without requesting an evidentiary hearing.

Jurisdiction

The court has jurisdiction to determine the instant contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B).

Applicable Law and Analysis

*(A)      Compensation in Chapter 13 Cases*

In In re Lugo-Parrilla, 2015 Bankr. LEXIS 540 at **19-20, 2015 WL 779621 at *5, the court stated as follows:

> Allowance of attorneys' fees in Chapter 13 cases based on the traditional bankruptcy methodology of applications for compensation under the "Loadstar Method" are impractical and burdensome in any district with a high volume of Chapter 13 cases. In Puerto Rico, approximately 60% of the cases filed are Chapter 13 cases. Therefore, bankruptcy judges in Puerto Rico would face a difficult challenge if many Chapter 13 fee applications are to be reviewed under the loadstar calculation. Notwithstanding, the challenge must be met as it is inherent to our responsibility as bankruptcy judges. See Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §294.1, at ¶[27], Sec. Rev. June 17, 2004, www.Ch13online.com.
>
> Section 329(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2016(b) mandate the debtor's attorneys to file complete and accurate disclosures of their fee agreements in every case. 11 U.S.C. §329(a); Fed. R. Bankr. P. 2016(b). Debtor's attorneys must comply with the mandatory disclosure requirements of 11 U.S.C. §329 and Fed. R. Bankr. P. 2016(b) to receive compensation. "Section 329 of the Bankruptcy Code governs the debtor's transactions with attorneys. It requires that an attorney submit a statement of compensation to be paid to enable the court to determine if the fees are reasonable, for the court has an independent

judicial responsibility to review the fees of professionals *sua sponte*, even in the absence of objections.  See Tri-State Fin., LLC. v. Lovald, 525 F.3d 649, 655 (8th Cir. 2009), cert. denied 555 U.S. 1046, 129 S. Ct. 630, 172 L. Ed. 2d 610 (2008); In re Claudio, 459 B.R. 500, 512 (Bankr. D. Mass. 2011); In re First Software Corp., 79 B.R. 108, 111 (Bankr. D. Mass. 1987); In re LaFrance, 311 B.R. 1, 20-21 (Bankr. D. Ma. 2004) ('The court has an independent judicial responsibility to review the fees of professionals, even in the absence of an objection by a party in interest.')"  In re Nales Perez, 506 B.R. 328, 331 (Bankr. D.P.R. 2014).  The debtor's attorney's fees are subject to court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount.  See 11 U.S.C. §329(b); In re Bergae, 2014 Bankr. Lexis 1575, *7 (Bankr. C.D. Ill. 2014) referencing Matter of Geraci, 138 F. 3d 314, 318 (7th Cir. 1998); In re Brennan, 2013 Bankr. Lexis 3242, *14 (Bankr. C.D. Ill. 2013).

Section 330(a)(3) of the Bankruptcy Code establishes the standard for the determination of reasonable compensation for professionals under all chapters of the Code:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or paraprofessional person, the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
> (B)    the rates charged for such services;
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed; and
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

Section 330(a)(4)(B) provides the following for Chapter 12 and Chapter 13 cases in particular:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a

consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. §330(a)(4)(B).

"Section 330(a)(4)(B) is an exception to the general rule that the professionals' services are compensable to the extent that there is a benefit to the estate. In a Chapter 12 or Chapter 13 case in which the debtor is an individual, the debtor's attorney may receive reasonable compensation for representing the interests of the debtor that are related to the bankruptcy case." In re Lugo-Parrilla, 2015 Bankr. LEXIS 540 at *23, 2015 WL 779621 at *6, citing Allan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 330.03[1][b][v] (16th ed. 2014).

The applicant has the burden of proof to establish an entitlement to the requested fees. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Garb v. Marshall (In re Narragansett Clothing Co.), 210 B.R. 493, 498 (B.A.P. 1st Cir. 1997). Generally, the attorneys' fees are calculated using the lodestar method which "is determined by multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure". De Jesus Nazario v. Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009). "However, in Chapter 13 cases, many courts have adopted the practice of establishing a flat fee for providing a bundle services that are generally required for the completion of consumer cases without requiring the filing of an itemized fee application for every Chapter 13 case." In re Lugo-Parrilla, 2015 Bankr. LEXIS 540 at *25, 2015 WL 779621 at *7. "Some courts have held that routine Chapter 13 cases need not use the loadstar method, but instead can apply a standard rate or flat fee based on the circumstances in a case." In re Becker, 469 B.R. 121, 123-124 (Bankr. M.D. Fla. 2012). Also see In re Howell, 226 B.R. at 281 ("Chapter 13 cases are standardized and systemized, and much of the work is capable of performance by paralegals. These cases are typically handled in high volume practices. Although counsel may lose a few dollars on one case when a standard, fixed fee is approved in a routine case, counsel will make up those dollars in another case.") "Typically, this method assumes that tasks common to all Chapter 13 cases will be covered by a standard fee promulgated in a local rule or guideline. Additional services relating to any unique

complexities of the case are then measured through some variant of the lodestar methodology." See In re Claudio, 459 B.R. at 513. The economics of a Chapter 13 practice require that debtor's counsel employ appropriate techniques to reduce the costs such as employment of paralegals, associate attorneys and secretarial (clerical) staff. See id. at 515.

This court has adopted a flat fee promulgated in P.R. LBR 2016-1(f), which provides that: "[t]he court may approve attorneys' fees in chapter 13 cases at the confirmation hearing without the debtor's attorney filing a detailed application if the fees, costs and expenses [excluding the filing fee] do not exceed $3,000." P.R. LBR 2016-1(f)(1). P.R. LBR 2016-1(f)(2) establishes the responsibilities that counsel for the Chapter 13 debtor must comply with under the flat fee. Attorneys who request fees greater than the flat fee established in P.R. LBR 2016-1(f)(1) for Chapter 13 cases must file an application for compensation, which will be reviewed by the court pursuant to the factors established in Section 330(a)(3) and the loadstar method to determine reasonable compensation. See In re Becker, 469 B.R. at 124; In re Bergae, 2014 Bankr. LEXIS 1575 at *8 (Bankr. C.D. Ill. 2014) ("And because attorneys may still seek fees in amounts higher than the 'no-look' fee simply by filing an itemized request, the practice of setting a fair 'no-look' fee has generally been viewed as proper by courts and practitioners alike"). P.R. LBR 2016-1(f)(1) does not discourage the request for greater fee awards for Chapter 13 cases which are more complex and require greater time expenditure. Likewise, the local rule does not discourage the request for fee awards for Chapter 13 cases which are less than the flat fee for simple cases which require lesser time expenditure. See In re Bailey, 2009 Bankr. LEXIS 4166 at *12 (Bankr. E.D.N.Y. 2009), citing In re Thorn, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984) ("[W]hen the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' [citation omitted], and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time"). "The purpose of the flat fee is to promote judicial efficiency in managing the volume of Chapter 13 cases." In re Lugo-Parrilla, 2015 Bankr. LEXIS 540 at *27, 2015 WL 779621 at *7. Moreover, it also "aids bankruptcy courts in disposing of run-of-

the-mill [C]hapter 13 fee applications expeditiously and uniformly, obviating the need for bankruptcy courts to make the same findings of fact regarding reasonable attorney time expenditures and rates in typical cases for each fee application that they review." In re Becker, 469 B.R. at 124, citing Cahill v. Walker & Patterson, P.C., 428 F.3d 536, 541 (5th Cir. 2005). Also see In re Debtor's Attys. Fees in Chapter 13 Cases, 374 B.R. 903 (Bankr. M.D. Fla. 2007).

*(B)      The Binding Effect of the Plan*

In the instant case, the court entered an *Order Confirming Plan* providing attorney's fees for the Debtors' counsel as follows:

> The application for the allowance of reasonable compensation as authorized by 11 U.S.C. 330, **having been considered**, the court finds that a reasonable fee for the services performed and undertaken by such attorney is **$3,000.00**. Such fee, less any retainer, shall be paid by the trustee from the monies received under the debtor's plan, provided, however that such payments be deferred in time to payments which may be required to provide adequate protection of the interest of the holders of secured claims.

> Docket No. 23, lines 17-20 (emphasis added).

The *Order Confirming Plan* was not objected, disputed and/or appealed.

Section 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). A confirmed plan binds not only the debtors and creditors, but also the Chapter 13 Trustee. See Bankowski v. Wells Fargo Bank, N.A. (In re Reid), 480 B.R. 436, 444-45 (Bankr. D. Mass. 2012); Boyajian v. Vargas (In re Vargas), 2012 Bankr. LEXIS 2910 at *15, 2012 WL 2450170 at *4 (B.A.P. 1st Cir. 2012) ("Although not listed as a party, a chapter 13 trustee is bound by a confirmed plan as well."). "Plan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality." Factors Funding Co. v. Fili (In re Fili), 257 B.R. 370, 373 (B.A.P. 1st Cir. 2001) (citations omitted). "'Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack. The

*res judicata* effect of confirmation may be eliminated only if confirmation is revoked or if the case is later dismissed or converted to another chapter.'" In re Jimenez Galindez, 514 B.R. 79, 89 (Bankr. D.P.R. 2014), citing Allan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶ 1327.02[1] (16th ed. 2014).

In New Hampshire v. McGrahan (In re McGrahan), 459 B.R. 869, 874 (B.A.P. 1st Cir. 2011), the U.S. Bankruptcy Appellate Panel for the First Circuit discussed the binding effect of a confirmed Chapter 13 plan as follows:

> Under this provision, once a bankruptcy plan is confirmed, the debtor and each creditor are bound by its terms. See [11 U.S.C. § 1327(a)]. As the [U.S. Court of Appeals for the] First Circuit has explained, "confirmation of a Chapter 13 plan customarily is *res judicata* as to all issues that were or could have been decided during the confirmation process." Carvalho v. [Fannie Mae] (In re Carvalho), 335 F. 3d 45, 49 (1st Cir. 2003). "There must be finality to a confirmation order so that all parties may rely upon it without concern that actions that they may later take could be upset because of a later change or revocation of the order." 4-1327 Alan N. Resnick & Henry J. Sommer, Collier Bankruptcy Manual, ¶ 1327.02[1] (3d. ed. rev.). The United States Supreme Court has emphasized that plan confirmation orders are final and binding regardless of pre-confirmation rights held by creditors. See United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 176 L. Ed. 2d 158 (2010).
>
> The binding effect of confirmation has led courts to conclude that once a plan is confirmed, a creditor's rights and interests are defined within the boundaries of the plan, and proceedings that are inconsistent with the confirmed plan are improper …

"[T]he confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan." In re Young, 285 B.R. 168, 174 (Bankr. D. Md. 2002). Similarly, in In re Hallmark, 225 B.R. 192, 195-196 (Bankr. C.D. Ca. 1998), the court ruled when attorneys' fees are are provided for in the confirmed plan in the amount of $0.00, the attorney is subsequently prevented from seeking compensation in excess of that for which the plan provided because it would be "in violation of the plan". Also see In re Black, 116 B.R. 818, 820 (Bankr. W.D. Okla. 1990) (holding that the debtors' attorney was bound by the order confirming debtors'

-12-

chapter 13 plan and was, therefore, prevented from seeking compensation in excess of that for which the plan provided).

Because of the *res judicata* effect of the Chapter 13 Plan and the specific language of the *Order Confirming Plan* (Docket No. 23), the Applicant in the instant case is bound by the $3,000.00 adjudicated therein.

Conclusion

In view of the foregoing, the *Application for Compensation* (Docket No. 56) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 18th day of May, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge